IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, § | |
| § | |
| § | CASE NUMBER 6:12-CR-00076-RC |
| v. § | |
| § | |
| § | |
| § | |
| JASON RAY RAGAN (2) § | |
| § | |

# REPORT & RECOMMENDATION OF
# UNITED STATES MAGISTRATE JUDGE

On November 2, 2016, the Court conducted a hearing to consider the government's petition to revoke the supervised release of Defendant Jason Ray Ragan. The government was represented by Mary Ann Cosby, Assistant United States Attorney for the Eastern District of Texas, and Defendant was represented by Jim Huggler.

Defendant originally pled guilty to the offense of Possession with Intent to Distribute Methamphetamine, a Class B felony. The offense carried a statutory maximum imprisonment term of 40 years. The United States Sentencing Guideline range, based on a total offense level of 25 and a criminal history category of IV, was 84 to 105 months. On May 22, 2013, District Judge Leonard Davis sentenced Defendant to 50 months imprisonment, a downward departure based on 18 U.S.C. § 3553(e), followed by 5 years of supervised release subject to the standard conditions of release, plus special conditions to include financial disclosure, drug testing and treatment, mental health treatment, and a $100 special assessment.. On April 3, 2015, Defendant completed the term of imprisonment and began his term of supervised release.

Under the terms of supervised release, Defendant was required to refrain from excessive use of alcohol and from purchasing, possessing, using, distributing, or administering any controlled substance or any paraphernalia related to any controlled substance, except as prescribed by a physician. In its petition, the government alleges that Defendant violated this condition of supervised release by possessing 7.3 grams of methamphetamine on October 8, 2015.

Based on 5th Circuit case law, the Court may find that illicit drug use constitutes possession. If the Court finds by a preponderance of the evidence that Defendant violated the conditions of supervised release by possessing methamphetamine on October 8, 2015, Defendant will have committed a Grade B violation. U.S.S.G. § 7B1.1(a). Upon a finding of a Grade B violation, the Court shall revoke probation or supervised release. U.S.S.G. § 7B1.3(a)(1). Considering Defendant's criminal history category of IV, the Guideline imprisonment range for a Grade B violation is 12 to 18 months. U.S.S.G. § 7B1.4(a).

At the hearing, the parties indicated that they had come to an agreement to resolve the petition whereby Defendant would plead true to violating the conditions of supervision by committing the offense alleged above. In exchange, the government agreed to recommend a sentence of 18 months to be served consecutively to the term of imprisonment imposed in case number 6:16-cr-0017(10) in accordance with U.S.S.G. § 7B1.3(f), resulting in a total sentence of 78 months. The government further agreed to dismiss the remaining allegations in the petition.

Pursuant to the Sentencing Reform Act of 1984, the Court **RECOMMENDS** that Defendant Jason Ray Ragan be committed to the custody of the Bureau of Prisons for a term of imprisonment of 18 months, to be served consecutively to the term of imprisonment imposed in case number 6:16-cr-0017(10).

**So ORDERED and SIGNED this 2nd day of November, 2016.**